United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS HUGGINS,<br>Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:19-cv-3851 |
| vs. | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| YCI METHANOL ONE,<br>LLC and KOCH<br>METHANOL, LLC,<br>Defendants. | §<br>§<br>§<br>§ | |

MEMORANDUM AND ORDER
GRANTING MOTION TO REMAND

The motion to remand by Plaintiff Thomas Huggins is granted. Dkt 9.

1. Background

Plaintiff Thomas Huggins was injured while working at a methanol plant in St. James Parish, Louisiana. The plant is owned by Defendants YCI Methanol One LLC and Koch Methanol LLC. He alleges various theories of negligence.

Defendants removed, asserting diversity jurisdiction. Huggins seeks remand, claiming that a member of YCI Methanol is a Texas citizen. Dkt 9. That member is Yuhuang Chemical Industries Inc (YCII). He provides evidence that the YCII headquarters are in Houston, as are several of its directors and members of its leadership team. See Dkt 12 at 11–15. YCII claims to the contrary that its principal place of business is at its plant in Louisiana. Dkt 11.

2. Legal Standard

Removal statutes are construed strictly in favor of remand. *Manguno v Prudential Property & Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002). The removing party bears the burden of

showing that federal jurisdiction exists and that removal is proper. Ibid, citing *De Aguilar v Boeing Co*, 47 F3d 1404, 1408 (5th Cir 1995).

The existence of federal subject-matter jurisdiction is determined at the time of removal from state court. See *In re Bissonet Investments LLC*, 320 F3d 520, 525 (5th Cir 2003), citing *Arnold v Garlock,* 278 F3d 426, 434 (5th Cir 2002). A court may determine whether it exists based solely on the complaint. *Spotts v United States*, 613 F3d 559, 565–66 (5th Cir 2010), quoting *St. Tammany Parish ex rel Davis v FEMA*, 556 F3d 307, 315 (5th Cir 2009). But the court may also assess subject-matter jurisdiction based on the complaint as supplemented by both undisputed facts evidenced in the record and its own resolution of disputed facts. *Spotts*, 613 F3d at 565–66.

A defendant may not remove a case to federal court on the basis of diversity jurisdiction if it is a citizen of the forum state. 28 USC § 1441(b)(2). When a defendant is a corporation, its citizenship is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC § 1332(c)(1). When a corporation is an unincorporated entity, its citizenship is that of all of its members. *Harvey v Grey Wolf Drilling Co*, 542 F3d 1077, 1080 (5th Cir 2008).

The Supreme Court has held that the *principal place of business* depends on determination of "the corporation's 'nerve center.'" *Hertz Corp v Friend*, 559 US 77, 93 (2010). As such, the principal place of business can be its headquarters, but it also may be located elsewhere. Ibid. It is insufficient if the supposed headquarters are "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Ibid.

3. Analysis

Subject-matter jurisdiction depends here on determination of the *nerve center* of YCII. Is that its self-declared headquarters in Texas? Or is it instead the plant in Louisiana that is the subject of the injury?

Defendants urge the Court to focus on activities related to the plant at issue. Dkt 11 at 3. Dr. Chaoling Yao is YCII's CEO.

2

His affidavit avers that he travels to Louisiana three times a week, decisions concerning the construction of the plant are made in Louisiana, and the project director for the plant resides in Louisiana. See generally Dkt 11-1. But the Supreme Court rejects a principal-place-of-business test that focuses on where a corporation has its plants or sales locations. *Hertz*, 559 US at 93–94. The pertinent inquiry is instead determination of the "center of overall direction, control, and coordination." Id at 96.

Huggins establishes that YCII has filed with the secretaries of state for both Texas and Louisiana that it has headquarters in Houston. Dkt 9-1 at 1; Dkt 12-1 at 1. Such filings are persuasive—even if not wholly dispositive—to the nerve-center analysis. See *etradeshow.com Inc, v Netopia Inc*, 2004 WL 515552, *1 (ND Tex); see also *Harrison v Camtech Precision Manufacturing, Inc*, 2011 WL 13233354, *2 (ND Tex) (remanding for lack of diversity jurisdiction where defendant's website and tax report listed headquarters in Texas).

Yao claims that many of YCII's board meetings take place in China and not in Houston. Dkt 11-1 at ¶ 12. And he asserts that the only reason Houston was chosen as headquarters is for ease of access to international flights to China. Ibid. That explanation cuts against its own argument, acknowledging as it does a conscious choice in the designation of its principal office. YCII could just as easily have provided a Louisiana address for its headquarters—if that were a truthful representation to make to state authorities. But it didn't.

Huggins also submits evidence that YCII has held itself out to the public on its own website with a listing of Houston as its corporate headquarters. See Dkt 12-2 at 3. The Fifth Circuit requires district courts to resolve "doubts regarding whether removal jurisdiction is proper" against the assertion of federal jurisdiction. *Acuna v Brown & Root, Inc*, 200 F3d 335, 339 (5th Cir 2000), citing *Willy v Coastal Corp,* 855 F2d 1160, 1164 (5th Cir 1988). Such evidence raises significant doubts as to diversity jurisdiction here. That Yao also spends time working in Louisiana doesn't overcome these doubts. See Dkt 11-1 at ¶ 5.

Defendants cite *Balachander v AET Inc Ltd*, 2011 WL 4500048 (SD Tex). The court there considered a company whose only

3

office was in Houston and determined its principal place of business to be Kuala Lumpur, the location of the parent. But the CEO was himself located in Kuala Lumpur. Id at *7. By contrast, Yao lives and offices in Houston. Dkt 11-1 at 2.

4. Conclusion

Defendants haven't met their burden of proving that the principal place of business for YCII is in Louisiana as opposed to Texas.

The motion to remand by Thomas Huggins is GRANTED. Dkt 9.

This case is REMANDED to the 164th Judicial District Court of Harris County, Texas.

The Clerk of Court must provide a copy of this order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on August 6, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge